**FILED**
JUL 12 2013
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex. rel, J. David John, ) | |
| Plaintiff, ) | FILED IN CAMERA AND |
| v. ) | UNDER SEAL |
| ) | |
| J. Dennis Hastert, ) | |
| Defendant. ) | |

13cv5014
Judge Castillo
Mag. Judge Rowland

**COMPLAINT
(QUI TAM)**

Now Comes the United States of America ex rel., J. David John (hereinafter "Mr. John"), by and through Michael K. Goldberg, Esq. and John Muldoon, Esq. and brings this action under the Federal False Claims Act, 31 U.S.C. §§3729 – 3733, against J. Dennis Hastert (hereinafter "Mr. Hastert") seeking relief against the Defendant on behalf of the United States of America for false claims submitted to the United States Congress:

**JURISDICTION**

1. This action arises under the following statutory provisions: 31 U.S.C. §3729; 31 U.S.C. §3730; and 2 U.S.C. §§31b-1 through 31b-7.

**INTRODUCTION**

2. This action seeks recovery for all amounts paid to Mr. Hastert, the former Speaker of the House of the United States House of Representatives, by the United States pursuant to laws providing a former Speaker of the House with an office and furnishings in his Congressional district and three administrative personnel (an administrative assistant and two secretaries) for a period of five years following his service as Speaker, in connection with the administration, settlement, and conclusion of matters pertaining to or arising out of his incumbency in office as a Representative in Congress and as Speaker of the House of

1

Representatives. See, 2 U.S.C. §§31b-1 through 31b-7. Mr. Hastert violated these provisions and violated the Federal False Claims Act by using the office that was given to him, pursuant Section §31b-1, to conduct private business meetings for his own financial gain; by using telephone, computer, and email equipment in the office to conduct personal business dealings for his own financial gain; by using the vehicles and cell phone provided to the former Speaker for private business dealings; by using his federally paid office personnel to research, arrange, and participate in his private business dealings for his own financial gain; and by falsely certifying that the use of the federal funds paid for office and equipment, as well as the activities of the office personnel, were for the administration, settlement, and conclusion of matters pertaining to or arising out of his incumbency in office as a Representative in Congress and as Speaker of the House of Representatives, where for a significant amount of the time, that office and equipment was used for Mr. Hastert's private business dealings for his own financial gain.

## PARTIES

3. Relator, Mr. John, is a U.S. citizen and Illinois businessman, residing in Burr Ridge, Illinois, who became closely associated with Mr. Hastert based upon their shared background of being graduates of Wheaton College and former college wrestlers.

4. Mr. John works with a number of businesses, including American television networks, such as ESPN. During the relevant time period of 2008 to 2012, Mr. John represented ESPN in seeking to organize a professional golf tournament in the Middle East, and represented Interstate, a U.K. company known for building brand identities that was interested in developing with its investors a Formula One racetrack and a technology park in Riverside County, California.

5. Defendant, Mr. Hastert, resides in Yorkville, Illinois, and from January 1987 through November 2007, served as the Representative of Illinois's 14th District in the United States House of Representatives. In 1999, he became the 59th Speaker of the United States House of Representatives and he served in that position through 2007.

6. Upon his retirement from the House of Representatives, Mr. Hastert opened an office in Yorkville, Illinois in 2008 paid for by the federal government pursuant to 2 U.S.C. §31b-2, maintained three full-time administrative personnel that were paid between $113,000 and $130,000, pursuant to 2 U.S.C. §31b-5. Upon his retirement from the House of Representatives, Mr. Hastert was also an employee of the Washington, D.C. lobbying firm of Dickstein Shapiro, and was directly involved in a number of Illinois companies, including being on the Board of Directors and acting as a lobbyist and business consultant for the Chicago Mercantile Exchange, The Servicemaster Company, HR Green, Polybrite and Centerpoint. Mr. Hastert also holds equity in Polybrite.

7. Upon his retirement, Mr. John hired Mr. Hastert to perform consulting and lobbying services for the various projects Mr. John was working on and would work on in the future.

8. Pursuant to the contract, Mr. Hastert would receive 7 to 10 percent of the founders' equity and corresponding profits from cash flow and sale if any of the deals were successfully completed.

**COUNT I**
**VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT**
**[VIOLATIONS OF 31 U.S.C. § 3729]**

1-8. As Paragraphs 1-8 of Count I, Relator realleges and incorporates herein Paragraphs 1-8 above.

9. During 2008 and 2009, Mr. John met with Mr. Hastert in Mr. Hastert's official office in Yorkville, Illinois on three occasions to discuss the ventures that Mr. John had engaged Mr. Hastert to help him complete; to set up a professional golf tournament and other sporting events in Abu Dhabi on behalf of ESPN; and to develop a Formula One racetrack and technology park in Riverside County, California as well as other sporting events in South Eastern Asian countries.

10. The use of federally funded offices for personal business dealings rather than the conclusion of the affairs of Mr. Hastert as a Representative and as Speaker of the House is a violation of 2 U.S.C. §31b-2, as the offices were being paid for by the federal government for the conclusion of the affairs of Mr. Hastert as a Representative and as Speaker of the House.

11. The use of federally funded offices for personal business dealings rather than the conclusion of the affairs of Mr. Hastert as a Representative and as Speaker of the House is also a violation of the Federal False Claims Act, 31 U.S.C. §3729, where the office space, furnishings, computers, facsimile equipment and service, telephones and service, email and internet equipment and service, cell phones and service, and vehicles were paid for by the federal government expressly for the conclusion of the affairs of Mr. Hastert as a Representative and as Speaker of the House.

12. During the time period 2008 through 2012, Mr. Hastert was paid nearly $2 million by the U.S. government pursuant to 2 U.S.C. §§31b-2 through 31b-7 for the operation of his office Yorkville, Office based upon invoices, statements and claims submitted by Mr. Hastert for the rent, telephone and internet service, purchase of telephone, fax, and computer equipment, vehicles as well as Mr. Hastert's cell phone and these claims were sent by U.S. Mail to the U.S. Government for payment. The submission of these claims violated the Federal False Claims Act,

31 U.S.C. §3729, where the office space, furnishings, computers, facsimile equipment and service, telephones and service, email and internet equipment and service, vehicles and cell phones and monthly service were paid for by the federal government expressly for the conclusion of the affairs of Mr. Hastert as a Representative and as Speaker of the House, but were being used for Mr. Hastert's personal business dealings.

13. Mr. Hastert routinely used vehicles registered to the Office of the Former Speaker for personal business dealings. He also utilized office personnel to drive him to personal engagements.

14. Similarly, the receipt of the funds by Mr. Hastert from the U.S. Government that were paid out based upon these false claims is a violation of the Federal False Claims Act.

15. Additionally, the U.S. Government paid the salaries [between $113,000 and $130,000 each] for the three administrative personnel in Mr. Hastert's official office pursuant to 2 U.S.C. §31b-5, two of whom worked on Mr. Hastert's personal business ventures while drawing government salaries.

16. These two employees routinely performed services for Mr. Hastert's personal business dealings during the hours they were being paid as full-time federal employees pursuant to 2 U.S.C. §31b-5 to perform the official duties of Mr. Hastert as the former Speaker of the House. Specifically, one or both of these employees used the telephone and email equipment in 2008, 2009, and 2010 to make arrangements for Mr. Hastert, Mr. John and other private companies including HR Green and Polybrite to travel to Saudi Arabia to discuss private corporate opportunities including an ESPN sponsored golf tournament; in 2008, 2009, and 2010, these one or both of these used telephone and email equipment and personally performed research and prepped slide presentations on behalf of Mr. Hastert and Mr. John concerning the

private proposal to build a racetrack and technology park in Riverside, California; one or both of these employees were involved with arranging meetings in Washington, D.C. between Mr. Hastert, Mr. John and the United Arab Emirates ambassador concerning hosting an ESPN golf outing and other events in Abu Dhabi as well as gathering information needed by the ambassador regarding these private business deals; and one or both of these employees were extensively involved in arranging a visit to a race in Montreal, Canada in researching and networking with Formula One personnel in 2010 where Mr. Hastert and Mr. John were interested in developing a racetrack and technology park in Riverside, California.

17. Additionally, these two employees simultaneously operated other private businesses out of Mr. Hastert's official office with Mr. Hastert's full knowledge.

18. Mr. Hastert violated the Federal False Claims Act when he forwarded through the U.S. Mail to the U.S. Government employee wage contracts and hourly claims with knowledge that the claims were false and significant amounts of time were being spent on his personal business dealings and not on official business connected with the administration, settlement and conclusion of matters pertaining to or arising out of his incumbency as Speaker of the House of Representatives, that the vehicles registered to the office were used for personal business dealings and that two of his employees were operating their own personal, private businesses from his office during the hours they claimed to be full-time employees of the federal government.

19. Mr. Hastert also violated the Federal False Claims Act by accepting payment from the federal government for the false submissions set forth in Paragraph 18.

20. Pursuant to the Federal False Claims Act, 31 U.S.C. §3729, each false claim presented to the federal government for payment is punishable by a $5,000 to $11,000 fine as

well as three times the amount of damages sustained by the government.

## PRAYER FOR RELIEF

Wherefore, the United States of America, ex rel. J. David John, prays that this Honorable Court award the following relief:

A.  Enter a judgment against J. David Hastert and in favor of the United States of America for all amounts paid, pursuant to 2 U.S.C. §§31b-1 through 31b-5, for the office, operational expenses, and salaries paid for the Office of J. Dennis Hastert in Yorkville, Illinois during 2008, 2009, 2010, 2011, and 2012 and triple the amount of the judgment pursuant to the Federal False Claims Act, 31 U.S.C. §3729;

B.  Enter a judgment against J. David Hastert and in favor of the United States of America, for $5,000 to $11,000 for each monthly claim or claims submitted for expenses and salaries relating to the Office of J. Dennis Hastert in Yorkville, Illinois pursuant to 2 U.S.C. §§31b-1 through 31b-5 in violation of the Federal False Claims Act, 31 U.S.C. §3729;

D.  Enter a judgment in favor of the Relator, J. David John, for a percentage of the total amount of the judgment against J. Dennis Hastert as provided for by the Federal False Claims Act, 31 U.S.C. §3730; and

E.  Any and all additional relief provided for in law or equity, which this Court deems fair and just.

## COUNT II
## CAUSING VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT
## [VIOLATIONS OF 31 U.S.C. § 3729]

18.  As Paragraphs 1-18 of Count II, Relator realleges and incorporates herein Paragraphs 1-18 above.

19.  All claims submitted on a monthly basis by Mr. Hastert must be verified by the

signature of J. Dennis Hastert.

20. In signing a verification each month of the claims submitted, while knowing that the office space, equipment, and administrative employees were being used for Mr. Hastert's private business interests and not exclusively for official duties of the former Representative and Speaker of the House, as well as two employees operating their own private businesses from the same office during the time they were paid as federal employees, Mr. Hastert violated the Federal False Claims Act, 31 U.S.C. §3729.

21. Pursuant to the Federal False Claims Act, 31 U.S.C., §3729, each false claim presented to the federal government for payment is punishable by a $5,000 to $11,000 fine against the person or persons that caused the false statement as well as three times the amount of damages sustained by the government.

## PRAYER FOR RELIEF

Wherefore, the United States of America, ex rel. J. David John, prays that this Honorable Court award the following relief:

A. Enter a judgment against J. Dennis Hastert and in favor of the United States of America for all amounts submitted pursuant to 2 U.S.C. §§ 31b-1 through 31b-5 for the office, operational expenses, and salaries paid for the Office of J. Dennis Hastert in Yorkville, Illinois during 2008, 2009, 2010, 2011, and 2012 and triple the amount of the judgment pursuant to 31 U.S.C. §3729;

B. Enter a judgment against J. Dennis Hastert and in favor of the United States of America for $5,000 to $11,000 for each monthly claim or claims submitted for expenses and salaries relating to the Office of J. Dennis Hastert in Yorkville, Illinois pursuant to 2 U.S.C. §§31b-1 through 31b-5 in violation of the Federal False Claim Act, 31 U.S.C. §3729;

D. Enter a judgment in favor of the Relator, J. David John, for a percentage of the total amount of the judgment against J. Dennis Hastert as provided by the Federal False Claims Act, 31 U.S.C. §3730; and

E. Any and all additional relief provided for in law or equity which this Court deems fair and just.

Respectfully Submitted,

By: _____
One of the Relators' Attorneys

Michael K. Goldberg, 6210821
(mgoldberg@goldberglawoffice.com)
Goldberg Law Group, LLC
120 S. Riverside Plaza, Suite 1675
Chicago, Illinois 60606
(312) 930-5600
(312) 930-0944 (Fax)

John J. Muldoon, III 6185878
Muldoon & Muldoon LLC
30 North LaSalle Street
Suite 2950
Chicago, Illinois 60602
(312) 739-3550

## VERIFICATION

STATE OF ILLINOIS            )
                             )
COUNTY OF COOK               )

On this day, J. David John, appeared before me, the undersigned notary public. After I administered the oath to him upon his oath, he said that he read the foregoing Complaint and that the facts stated in it are within his personal knowledge and are true and correct.

J. David John

SWORN TO and SUBSCRIBED before me
by J. David John:

July 10, 2013.



Notary Public, State of Illinois

10