UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. J. DAVID JOHN, | ) | |
| | ) | No. 13-cv-5014 |
| v. | ) | Hon. Judge Kocoras |
| | ) | |
| J. DENNIS HASTERT, | ) | Hon. Magistrate Judge Rowland |

**REPLY TO HASTERT'S OPPOSITION TO RELATOR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant J. Dennis Hastert ("Hastert") filed his opposition to filing the Second Amended Complaint ("SAC") based entirely upon the invention of a standard that Relator, J. David John ("John"), voluntarily disclose "all" evidence supporting his claims to the government before he files his "qui tam". The purported standard of "all" evidence does not exist in any federal jurisdiction. As discussed below, the Judges of the Seventh Circuit and the Northern District of Illinois have applied a very lenient standard in determining whether the relator disclosed the information to the government. In the SAC, John has alleged more than sufficient disclosures being made to a specific FBI agent for this Court to deny Hastert's motion.

**I. THE STANDARD CITED BY HASTERT REQUIRING THAT RELATOR ALLEGE THAT HE PROVIDED "ALL" INFORMATION SUPPORTING HIS ALLEGATIONS IN THE SECOND AMENDED COMPLAINT DOES NOT EXIST**.

In his Motion in Opposition to Relator's Motion for Leave To File The Second Amended Complaint, Hastert claims that the relator must disclose "all" of the information supporting relator's claims. (Motion, at 1, 2, 4, 5, 6.) In Support he

1

cites *United States v. Sanford-Brown, Ltd.*, No. 12-CB775, 2014 WL 1272098 at 4 (E.D. Wis. March 27) and parses out a phrase from the defendant's argument in that obscure Wisconsin district court decision: that is not supported by the Court's holding in its decision.

Hastert omits the actual quote in *Sanford-Brown*: "Defendants disagree asserting that: Relator's disclosures did not provide the Government with all of the information upon which his claim is based…" (*Id.* at 8.) However Judge Stadtmueller did not follow this standard holding that the relator's letters to the U.S. Attorney "satisfy the voluntary disclosure requirement." (*Id.*, at 13.)

The plain and ordinary language used in the statute:

"For purposes of this paragraph, 'original source' means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section. 31 U.S.C. §3730(e)(4)(B) (2015)"

does not support Hastert's implication that the relator must disclose "all" of the information.

Furthermore no Seventh Circuit Appellate Court has ever interpreted the statute to require a Relator to allege or establish that he provided the government with "all" of the information supporting his claims prior to the public disclosure of the filing of the Complaint. *See, Leveski v. ITT Educational Services Inc.*, 719 F.3d 818,828( 7th Cir. 2013); *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 921 (7th Cir. 2009) *US v. Administar Federal, Inc.*, 324 F.3d 492, 497 (7th Cir. 2003); and

*U.S. v. Bank of Farmington,* 166 F.3d 853 (7th Cir. 1999), rev. on other grounds, *Glaser,* 507 F.3d 907.

The only other Northern District court to examine the sufficiency of the information turned over to the government was Judge Durkin in *U.S., ex rel. Bellevue v. United Health Services of Hartgrove, Inc.*, No. 11 C 5314 (E.D Ill. 2015). Judge Durkin, as Judge Stadtmueller did in *Sanford-Brown*, found a letter to the U.S. Attorney to be sufficient. *Bellevue*, at 18-19. That information included the relator's personal knowledge that the defendant was over census and included 13 examples when that occurred. *Id.* The Court did not require that the relator establish that he provided the government "all" of the information supporting his claims.

Hastert's entire argument in the Motion In Opposition is premised upon a standard that the relator must disclose "all" information supporting his claims and that standard does not exist.

## II. RELATOR IS AN ORIGINAL SOURCE

Hastert does not and cannot dispute that John has independent knowledge of the events set forth in the Second Amended Complaint ("SAC"). As previously argued to the Court, the public disclosures in the Tribune even quoted John and the complaint he filed in the court in DuPage County as the source of the information published in the Tribune concerning Dennis Hastert and his meetings with John at the Offices of the Former Speaker.

The sole issue, as argued by Hastert, is whether John qualifies as an "original source" under the current or any former version of the statute by providing the information to the government before it was publicly disclosed or before he filed his complaint.

In the SAC, John alleges that he is an original source because on August 30, 2011, prior to the Tribune articles in 2012 and prior to filing the initial complaint in 2013, John had a telephone conversation with FBI Special Agent Doug Soika. SAC, ¶¶ 49-50. The SAC alleges that John disclosed he was involved in various business ventures with Mr. Hastert from 2009 through January 2011; that he met with Hastert regarding these ventures in the Offices of the Former Speaker; and that he had knowledge that Hastert was using federally funded offices, staff, office supplies and vehicles for his personal business ventures. *Id.* The SAC also alleges that John had telephone conversations with Special Agent Soika on August 30 2011 at 12:16 pm, September 19, 2011 at 4:55 pm and October 21, 2011 at 9:39 am regarding Hastert using federally funded offices, staff and equipment for private business ventures. SAC, ¶¶ 51-52.

The Seventh Circuit has held that disclosure of information to the FBI complies with 31 U.S.C. §3730(e)(4)(B). *Farmington, supra.* "A qui tam plaintiff might satisfy this requirement, for example, by notifying the United States Attorney, the FBI, or other suitable law enforcement office of the information which is the basis for the action, or by informing the agency or official responsible for the

particular claim in question…." *Id.*, at 866. Without question, John informed the FBI of the basis for the action, as set forth in ¶¶ 49-52 of the SAC.

Hastert attempts to argue this information was incomplete because John did not disclose that Hastert's use of the Office of the Speaker for private business was "improper"; why this use was "improper"; or why his own meetings were "improper". *Motion In Opposition*, at 11.

Hastert cites no authority to support this contention and John is not aware of any federal jurisdiction that requires a relator to disclose legal conclusions as to why the facts they disclose to the FBI would be illegal. The statute only requires the relator to disclose "information" and the Seventh Circuit in *Farmington* expressly referenced "information which is the basis for the action." *Farmington*, 166 F.3d, at 866.

The plain and ordinary definition of the word "information" is, "knowledge or facts about something or someone." *MacMillan Dictionary*, McMillian Publishers, 2009-2015. Hastert provides no explanation nor authority why John's disclosure of the facts he was involved in various business ventures with Mr. Hastert from 2009 through January 2011; that he met with Hastert regarding these ventures in the Offices of the Former Speaker; and that he had knowledge that Hastert was using federally funded offices, staff, office supplies and vehicles for his personal business ventures would not be sufficient notice to the FBI of the facts underlying John's complaint.

Hastert also argues that John cannot use information not disclosed to the government in John's alleged 2011 phone conversation with the FBI to support his claims he is an original source. As authority for this proposition, Hastert cites another obscure district court decision, *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp.2d 25 (U.S.D.C. 2007.) The SAC sets forth the exact information John disclosed to the FBI in 2011, the exact agent that he had discussions with, and the precise date and time when the conversations took place. This information does not relate to a new party or to information not previously set forth in the initial complaint, but relates directly to the allegations in the first complaint.

In *Hockett* a relator attempted to add additional claims against additional hospitals as defendants. The *Hockett* court ruled that the "relator must qualify as an original source for *each distinct kind of claim or scheme* she alleges. It is not enough that a relator was an original source of *allegations that are linked by theme and subject matter to other allegations that are based on public disclosures*" *Hockett* at 54. John is not trying to add additional defendants through linked allegations. Hastert's reliance on *Hockett* is misplaced.

Hastert's attempts to extend *Hockett* to support his position that since this court found John's original allegations to be insufficiently pled in the original complaint, the only allegations of fraud that survived in the Amended Complaint and now part of the SAC must be new; concluding no fraud was initially disclosed to the FBI in 2011.

This argument is not only convoluted, it ignores the fact that the underlying basis of fraud in the original complaint has not changed. Further John has not alleged information not disclosed in the first complaint to support his position as the original and independent source of information. John is not trying to add new defendants about which he has no independent knowledge as done in *Hockett*. Instead he has articulated the same underlying fraud against Hastert with more detail to comply with Rule 9(b).

Likewise in *In re Natural Gas Royalties*, 562 F.3d 1032 (10th Cir. 2009), the other case cited by Hastert. In *Natural Gas* the relator attempted to bring a *qui tam* action against more than 70 gas companies. However his pre-filing disclosure to the government did not include all the gas companies he subsequently sued. The *Natural Gas* court ruled that "in those cases where Relator did not even provide the names of any Defendants to the government, he cannot qualify as an original source as to the allegations in those complaints." *Id.,* at 1045.

Like *Hockett*, the *Natural Gas* case is inapplicable where John informed the FBI that (1) he was involved in various business ventures with Mr. Hastert from 2009 through January 2011; (2) he met with Hastert regarding these ventures in the Offices of the Former Speaker; and (3) he had knowledge that Hastert was using federally funded offices, staff, office supplies and vehicles for his personal business ventures.

Finally, it is important to note that the purpose of the False Claims Act qui tam provision is to "achieve 'the golden mean between adequate incentives for

whistleblowing insiders with genuinely valuable information and discouragement of opportunistic plaintiffs who have no significant information to contribute on their own.'" *Id.*, at 1044, quoting *United States ex rel. Fine v. Sandia Corp.*, 70 F.3d 568, 571 (10th Cir. 1995). The key test for determining whether a relator qualifies as an "original source" is whether the relator disclosed sufficient information to the government to allow them to evaluate the fraud allegations. *Natural Gas,* 562 F.3d, at 1043-44.

As long as the essential elements of the fraudulent transaction have been disclosed to the government, the "original source" standard has been satisfied. *Id*. In the present case, there is no question that the Relator disclosed the essential elements of the fraud transaction to an FBI agent in 2011. Any additional factual details included within the SAC by Relator are not separate claims of fraud, but are interrelated with the overall claim that Hastert used money from the Office of the Former Speaker for his personal business ventures.

CONCLUSION

Wherefore, for all the foregoing reasons, Relator David John, prays this Honorable Court allow leave to file his second amended complaint.

Respectfully Submitted.

/s/ John J. Muldoon, III
One of the Relators' Attorneys

John J. Muldoon, III
Muldoon & Muldoon LLC
30 N. LaSalle St., Suite 2950
Chicago, IL  60602
(312) 739-3550
IL Atty. No. 6185878
jjm@muldoonlaw.com

Michael K. Goldberg, 6210821
(mgoldberg@goldberglawoffice.com)
Goldberg Law Group, LLC
120 S. Riverside Plaza, Suite 1675
Chicago, Illinois  60606
(312) 930-5600
(312) 930-0944 (Fax)