UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. J. DAVID JOHN, | ) | |
| | ) | No. 13-cv-5014 |
| v. | ) | Hon. Judge Kocoras |
| | ) | |
| J. DENNIS HASTERT, | ) | Hon. Magistrate Judge Rowland |

**RESPONSE TO HASTERT'S MOTION TO DISMISS RELATOR'S
ACTION FOR LACK OF JURISDICTION**

In its July 23, 2015 ruling this court ruled that "[T]he Court does not find the inconsistencies so significant as to discredit, for purposes of the instant motion, the allegations in John's second amended complaint, which sufficiently establish him as an original source under Rule 12(b)(6) and likewise establish the Court's subject matter jurisdiction at this time. Thus, while Hastert certainly retains the right to probe such inconsistencies he argues exist, and the veracity of John's allegations and affidavit, during discovery, this Court cannot say—particularly given the requirement to assume John's factual allegations to be true at this stage—that subject matter jurisdiction is lacking such that it would be futile for John to file the second amended complaint"

Defendant Hastert has had the opportunity to probe any inconsistencies in Mr. John's allegations. The evidence adduced establishes that this court has jurisdiction in this matter.

1

## I.   MR. JOHN HAS CREDIBLY ESTABLISHED THAT HE NOTIFIED THE GOVERNMENT OF HIS ALLEGATIONS BEFORE FILING THIS LAWSUIT

Mr. John had 4 conversations with Agent Soika. He has testified that the first two, occurring on August 29 and 30, 2011, were basically one interrupted conversation. He also had an 18-minute conversation on September 19, 2011 and a 10-minute conversation on October 21, 2011. All four conversations are documented in Mr. John's telephone bills. (See Exhibit 1.)

Mr. John testified that in response to a question by Agent Soika, he stated that Mr. Hastert was using his federally funded office for private business, which is the basis of his complaint in the present case. (See John Deposition Transcript Page 66 lines 1-6 attached as Exhibit 2.) Mr. John had originally called the FBI on August 5, 2011 to complain that he was afraid that his civil rights were being violated in a child custody suit in Arkansas. (See page FBI 001 of reports attached as Exhibit 3). Agent Soika called Mr. John on August 29, 2011 to follow up on that original complaint. The August 29th call lasted 56 minutes. Agent Soika then continued the conversation in a follow up call on August 30th. That call lasted 27 minutes. Agent Soika characterized these conversations as a "Possible Corruption of a District Judge in Bentonville, Arkansas (Benton County)" (See Exhibit 3, FBI Page 002.)

Mr. John testified that on August 29th that he informed Agent Soika that he was filing a lawsuit the next day against the mother of the child involved in the

Arkansas suit. He told Agent Soika that part of that lawsuit had to do with interference with his business relationship with Mr. Hastert.

Mr. John testified that in two of the three conversations in August and September he discussed his personal business relationship with Mr. Hastert. This discussion was prompted by a question posed by Agent Soika. During the course of the conversations, Mr. John informed Agent Soika that Mr. Hastert was running his private business ventures from the federally funded office. (John Tr. Pg. 57 lines 1-10 attached Exhibit 4.)

Defendant characterizes Mr. John's testimony concerning phone conversations in 2011 as a "moving target" and his memory as vague and stale. He argues that this staleness calls into question Mr. John's veracity. However, any perceived vagueness only bolsters Mr. John's credibility.

It would be more incredible if Mr. John professed to have a complete memory of his 2011 conversations with Agent Soika and testified that he informed him of every aspect alleged in his complaint. At the time, Mr. John contacted the FBI because he feared his civil rights were being violated in Arkansas and that the judge in his custody case was corrupt. As part of giving the FBI full background of the situation, he stated that he was filing a lawsuit in DuPage County against Wheaton College and the mother of his child which involved their interference with his business relationship with Dennis Hastert. (John Tr. Pg. 25 line 14 thru Page 26 line 2 attached Exhibit 5.)

In answer to a question regarding Mr. Hastert from Agent Soika, Mr. John mentioned that Mr. Hastert was conducting private business from his federally funded office. It is clear that Mr. John did not have an intent to file a *qui tam* lawsuit at the time. It is also reasonable to believe that he was not contacting the FBI to satisfy the notification requirement of an original source. But the notification requirement does not require such an intent.

This court has found "that John has pleaded enough in the allegations of his second amended complaint about the original source issue to demonstrate that he sufficiently alerted the FBI to the likelihood of wrongdoing and thus survive a Rule 12(b)(6) motion (and a Rule 12(b)(1) facial challenge)." (Court's Order July 23, 2015) Mr. John's testimony corroborates these allegations. Therefore, defendant's motion to dismiss should be denied.

## II.     SOIKA'S TESTIMONY DOES NOT DIRECTLY CONTRADICT MR. JOHN

Agent Soika's original declaration dated January 26, 2016 cites calls with Mr. John on August 29, 2011, on August 30, 2011, and one on an unspecified day after September 30. (See Declaration attached as Exhibit 6.) This statement is only partially true as Mr. John's telephone records show two phone calls after September 30th; an 18-minute call on September 19, 2011 and a 10-minute call on October 21, 2011. Furthermore, Agent Soika prepared just one report which covers the calls on August 29th and 30th. He did not prepare a report for the September 19th and October 21st calls. (See Exhibit 3.)

In the January 2016 declaration Agent Soika testifies that he does not remember Mr. John mentioning Mr. Hastert in the three calls he had with Mr. John. In answer to Defendant's Interrogatory #1, Agent Soika states that he had no communications with Mr. John relating to Mr. Hastert. (See Soika Responses to Interrogatories attached as Exhibit 7.) He bases this statement on a series of facts set forth in Interrogatory #2 as of August 2011, not September or October 2011 where phone records evidence shows that he spoke with Mr. John. (Exhibit 7.) When asked in Interrogatory #4 for information which might rebut Mr. John's assertion that he mentioned Mr. Hastert to him, Agent Soika cites his January 2016 declaration wherein he does not remember any mention and his answers to Interrogatory #1-3 which are limited to a time period prior to September 2011. (Exhibit 7.)

At best for the defense, Agent Soika states that it is "very likely" that if Mr. John had mentioned that Mr. Hastert used his federally funded office for personal business ventures, he would have made note of it. However, Agent Soika does not completely rule out the possibility that Mr. John did make such a statement.

It is apparent that Agent Soika, like all law enforcement officers, relies upon his report drafted years ago. It is the nature of the law enforcement profession to make contemporary reports to record or refresh recollection of events that occur years in advance of any testimony.

However, Agent Soika made no report for his September 19th conversation with Mr. John. One of the three conversations Mr. John said he informed Agent

Soika of Mr. Hastert's unlawful use of his federally funded office. As he did not make a report regarding this conversation, Agent Soika's memory is questionable.

Mr. John's memory, while not perfect, is clear that when asked a question by Agent Soika as to why Mr. Hastert would want to keep him quiet; Mr. John stated that Mr. Hastert was using his federally funded office for private purposes. (Exhibit 2) This statement satisfies the statutorily required notice to the government for an original source. Therefore, this court has jurisdiction over this matter and defendant's motion should be denied.

### III.    THIS COURT SHOULD DISREGARD ANY REFERENCE TO OTHER CASES IN DIFFFERENT JURISDICTIONS

Defendant uses the last two pages of his 15-page brief citing cases (single spaced) from other jurisdictions of which he was not a party. These cases are not relevant to the issue of whether Mr. John informed Agent Soika of Mr. Hastert's use of his federally funded office for private business ventures. Such citations would normally be subject to a motion to strike. However, in an effort to curtail further litigation in the preliminary stages of this case, this court should simply ignore them.

More relevant to the facts in this case, this Court should look to the holding in *United States v. Wisconsin Bell, Inc.,* 730 F. 3d 688 (7th Cir. 2014).  In *Bell,* Chief Judge Wood wrote, "Heath is not one of the 'opportunistic plaintiffs who have no significant information to contribute of their own.'[citation omitted].  Through his own investigation and initiative, Heath established that schools were being charged prices well above the LCP… and brought 'genuinely new and material information

6

to the government's attention.' [citation omitted]. Accordingly, his allegations are not precluded by the public disclosure bar." *Id*., at 692.

Similarly, David John's complaint is based directly upon private business deals that he was personally doing with Defendant Hastert in Chicago, California and Saudi Arabia. The public disclosure of those documents was based upon Chicago Tribune articles directly attributing and quoting David John. David John's phone records specifically document 4 phone conversations with Agent Sokia of the FBI, and David John specifically recounts that he expressly informed Agent Soika that Mr. Hastert was running his private business ventures from the federally funded office. (Exhibit 2).

CONCLUSION

Wherefore, for all the foregoing reasons, Relator David John, prays this Honorable Court deny defendant's Motion to Dismiss Relator's Action for Lack of Jurisdiction.                                      Respectfully Submitted.

/s/ John J. Muldoon, III
One of the Relators' Attorneys

John J. Muldoon, III
Muldoon & Muldoon LLC
30 N. LaSalle St., Suite 2950
Chicago, IL 60602
(312) 739-3550
IL Atty. No. 6185878
jjm@muldoonlaw.com

Michael K. Goldberg, 6210821
(mgoldberg@goldberglawoffice.com)
Goldberg Law Group, LLC
120 S. Riverside Plaza, Suite 1675

Chicago, Illinois  60606
(312)  930-5600

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, I caused to be electronically filed the foregoing using the CM/ECF system, which will then send a notification of such filing to all registered users listed below:


Justin A. Chiarodo
Blank Rome LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
jchiarodo@blankrome.com

Christian Mark Poland
Bryan Cave LLP
161 N. Clark St., Suite 4300
Chicago, Illinois 60601-3206
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
christian.poland@bryancave.com

Kurt N. Lindland
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163
kurt.lindland@usdoj.gov


                                        /s/ John J. Muldoon, III
                                        One of the Relators' Attorneys


        John J. Muldoon, III
        Muldoon & Muldoon LLC
        30 N. LaSalle St., Suite 2950
        Chicago, IL  60602
        (312) 739-3550
        IL Atty. No. 6185878
        jjm@muldoonlaw.com