UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J. DAVID JOHN, United States of America, ex. rel., Plaintiff and Relator, v. J. Dennis Hastert, Defendant. | 13 C 5014 Judge Charles P. Kocoras |

## ORDER

Before the Court is Defendant, J. Dennis Hastert's ("Hastert") motion for attorney's fees and sanctions against J. David John ("John") and his counsel pursuant to 31 U.S.C. § 3730(d)(4), 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11. For the following reasons, the Court grants Hastert's motion.

## STATEMENT

On July 12, 2013, John, through his counsel John Muldoon ("Muldoon") of Muldoon & Muldoon LLC and Mike Goldberg ("Goldberg") of Goldberg Law Group, LLC, filed his original verified complaint in this action. In the complaint John alleged claims under the False Claims Act (FCA) 31 U.S.C. §3729, *et seq*. On September 18, 2014, this Court dismissed the complaint for failure to state a claim against Hastert. We also found that John failed to adequately address the original-source requirement central to all FCA claims.

On November 18, 2014, John filed his verified first amended complaint. In response, Hastert filed a motion to dismiss, which this Court granted on March 4, 2015. In that order we noted that the first amended complaint, like the complaint before it, contained no claims that John had disclosed his allegations regarding Hastert to the federal government before bringing suit.

John then filed a motion for leave to file a second amended complaint ("SAC"), which this Court granted. After a review of the SAC, we found that John's allegations survived a facial challenge under Rule 12(b)(1), and directed Hastert to raise his factual Rule 12(b)(1) challenge based on the original source/public disclosure requirements by separate motion. However, we expressly noted in that order that we were required to assume John's factual allegations about his conversations with FBI Agent Douglas Soika ("Soika") to be true, even though John's new SAC allegations contradicted his previously submitted sworn affidavit.

The parties were given time to conduct limited discovery on the question of John's pre-filing disclosures to the government. On January 26, 2016, Soika submitted an affidavit that completely controverted John's assertions. Specifically, Soika stated under oath that John said nothing about Hastert to Soika during their calls. On February 4, 2016, in light of Soika's sworn declaration, Hastert's counsel sent an email to John's counsel requesting the suit be immediately dismissed due to lack of evidentiary support and to "avoid imposing on the parties further legal expenses." The email went on to state that should the suit not be dismissed, Hastert

reserved his right "to seek costs and attorney's fees . . . including costs and fees associated with undertaking depositions, motions practice, or hearing attendance." John rejected Hastert's request and continued with the lawsuit.

On March 10, 2016, Soika provided sworn interrogatory answers that entirely rebutted John's assertions that he told Soika about Hastert's alleged misuse of the Office of the Former Speaker (the "Office"). Again, Hastert's counsel, by email, requested John voluntarily dismiss the lawsuit "to spare the parties the time, expense, and burden of continued litigation." The email went on to state, "[b]ecause it is now crystal clear that there is no basis on which John can pursue his claims in good faith, please be advised (again) that we intend to seek costs and attorney's fees relating to Hastert's continued defense of this case. . . ." Again, John rebuffed Haster's request to dismiss the case.

In April 2016, the parties obtained the FBI's record of John's initial call to the FBI and Soika's contemporaneous written reports of his phone conversations with John. The materials did not contain a single mention of Hastert. In response to Soika's statements corroborated by the FBI records, Hastert filed a Rule 12(b)(1) motion to dismiss, making his factual jurisdictional challenge to John's allegations.

On February 9, 2017, we held an evidentiary hearing on Hastert's Rule 12(b)(1) challenge. At the hearing, Soika testified, consistent with his prior sworn statements and contemporaneous written reports, that John told him nothing about Hastert or his alleged misuse of the Office. In contrast, John's testimony was vague, confusing, and

3

inconsistent. In light of the hearing, on February 23, 2017, Hastert's counsel again asked John's counsel to voluntarily dismiss the case, along with another warning that sanctions would be forthcoming if John did not dismiss the lawsuit. Furthermore, on March 6, 2017, Hastert's counsel served on John's counsel, but did not file, a draft motion for sanctions under Rule 11. Even with the weight of the evidence against him, and the threat of sanctions looming, John did not dismiss the suit.

On April 6, 2017, this Court issued an opinion that emphatically rejected John's factual assertions and dismissed his claims in their entirety under Rule 12(b)(1). Specifically, we found that John completely failed to establish the "original source" requirement of the claims he sought to bring. In light of the facts above, Hastert now moves for sanctions and attorney's fees.

The FCA provides that "a court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). A party who brings or continues to pursue FCA claims knowing there are factual elements he cannot establish is liable for the defendant's attorney's fees. *See In re Natural Gas Royalties Qui Tam Litigation*, 845 F.3d 1010, 1017-24 (10th Cir. 2017).

Rule 11 requires that every pleading, and the continued advocacy of such pleading, (i) not be "presented for any improper purpose," (ii) be based on "legal contentions [that are] warranted by existing law," and (iii) make only "factual

contentions [that] have evidentiary support." Fed. R. Civ. P. 11(b). Both the initial filing of and the later advocacy of a pleading violate Rule 11 if the pleading is not supported by fact or law. *See* Fed. R. Civ. P. 11(b); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008) (Rule 11 sanctions were warranted when plaintiff's counsel "clearly failed to investigate the law or the facts or both when it maintained the suit against [defendant] after being put on notice of the problems with its case").

Furthermore, under Section 1927 "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[A] court has discretion to impose § 1927 sanctions when an attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice.'" *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citation omitted). Further, § 1927 "impose[s] a continuing duty upon attorneys to dismiss claims that are no longer viable." *Id.*; *see also* Fed. R. Civ. P. 16(f)(1)(A)-(C).

Hastert seeks recovery of his attorney's fees for the entire lawsuit. According to Hastert, "[f]rom the outset, John's case has been based on false allegations, which mandates an award of fees against John. Fees are also warranted against John's counsel because the legal claims they asserted based on John's (false) allegations were not well grounded in law, because counsel failed to conduct an adequate pre-filing

5

investigation, and because they knew or should have known that John's factual allegations lacked evidentiary support." John's counsel, instead of responding to Hastert's claims, makes far-flung arguments devoid of meritorious value including: (i) Hastert's counsel failed to timely file the motion for fees; (ii) there is no statute authorizing recovery of fees against opposing counsel in this matter; (iii) the SAC had sufficient factual support to warrant proceeding with this case; (iv) they believed John's testimony regarding the Hastert allegations; (v) John's actions were not frivolous, clearly vexatious, or brought primarily for the purpose of harassment; and (vi) the motion is part of Wheaton College's pattern of harassment of John. As discussed below, John's arguments are unpersuasive.

John's arguments that Hastert's counsel failed to timely file the motion and that there is no statutory authorization for fees are both factually and legally incorrect. On the matter of filing, Hastert's motion is timely under both Federal Rule of Civil Procedure 54(d)(2)(B), and Local Rule 54.3(b). Because no "entry of judgment" has occurred in this case, the 14-day filing rule has not yet begun to run. *Smith v. Village of Maywood*, 970 F.2d 397, 399-400 (7th Cir. 1992) (dispositive court decision without a Rule 58 entry of judgment did not start deadline for a fees motion running from "entry of final judgment" under N.D. Ill. local rules). Additionally, Local Rule 54.3(b) provides that attorney's fee motions "shall be filed and served no later than 91 days after the entry of judgment." Rule 54.3(b). Thus, under either rule Hastert has timely filed his motion.

6

As for the legal authority to award sanctions, the FCA itself explicitly provides for a court to award "the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). As Hastert notes, a party who brings or continues to pursue FCA claims knowing there are factual elements he cannot establish is liable for the defendant's attorney's fees. *See Natural Gas*, 845 F.3d, 1017-24 (10th Cir. 2017). In addition, this Order has already noted that we have the authority under 28 U.S.C. § 1927 and Rule 11 to impose sanctions should we determine, which we have, that John and his counsel failed to dismiss claims that were no longer viable. For that reason, John's statutory challenge relating to fees is misguided.

Next, John's counsel argues that they should avoid sanctions because they believed that John's testimony regarding the Hastert allegations was truthful, and that the SAC had sufficient factual support to warrant proceeding with this case. First, John argues that this Court's denial of Hastert's facial challenge to John's SAC shows that he had a good faith basis for bringing suit. But John apparently forgets that at the motion to dismiss stage this Court was *required* to assume that all of John's allegations were true. To avoid sanctions, John and his counsel must show their claims *in fact* had adequate factual support.

According to John's counsel their factual support for filing the lawsuit came

7

from (i) John himself, (ii) emails from Hastert's staff that demonstrated alleged assertions of fraud, and (iii) two calls with Tom Jarman ("Jarman"), a friend of John's who was also an employee of the Office for a portion of the time the Office existed. Both parties spend several pages in their briefs discussing the validity and sufficiency of this evidence. After considering the parties' arguments, we find that while John's counsel did not have a plethora of evidence to support their FCA claim, they had enough to warrant their belief that a viable claim existed. Mainly, John's attorneys, like all attorneys, have an initial right to believe what their clients tell them. However, in this case, that right began to rapidly vanish once Soika's affidavit arrived in early 2016. Furthermore, that right completely vanished on March 10, 2016, when Soika's sworn interrogatory answers arrived.

As noted above, in January 2016, Soika, an unbiased and disinterested witness, provided an affidavit that completely refuted John's assertions. In March 2016, Soika provided more detailed (and again sworn) interrogatory answers that unequivocally undermined John assertions. In April 2016, the parties obtained Soika's contemporaneous written reports regarding his phone calls with John, providing contemporaneous, documentary evidence contradicting John's allegations.

In light of this evidence, John and his counsel's behavior impeded the orderly process of justice. Even after all the available evidence cast significant doubt on John's contentions, an evidentiary hearing was mandated for the purpose of credibility determinations by the Court. As already noted, we concluded from the evidentiary

hearing that John communicated nothing about Hastert to Soika, much less the level of factual detail that was required for John to bring his FCA action.

John's counsel's failure to voluntarily dismiss the lawsuit after several legitimate requests by opposing counsel, knowing sanctions would likely be filed if they did not dismiss the lawsuit, is inexplicable. Instead, John and his counsel aggressively and unreasonably pursued claims that were deficient as a matter of fact and law, a clear violation of the sanction authorities. Under the sanction authorities, attorneys have a continuing duty to dismiss claims that are no longer viable. *Jolly Grp.,* 435 F.3d 720 (7th Cir. 2006) (citation omitted). Soika's affidavit not only called into question the truthfulness of John's testimony, but made it impossible for John to prove he was the government's original source of information regarding Hastert, the central requirement to all FCA claims. Thus, the only appropriate outcome following Soika's affidavit and sworn interrogatory answers was dismissal of the lawsuit.

The cost of unnecessary litigation should not be borne by those who are not guilty of causing it. We find that John and his counsels' behavior warrant sanctions. Given our finding that John has been falsely claiming that he informed the FBI about Hastert's alleged misuse of the Office and that a full pre-filing disclosure was a prerequisite to his FCA claims, this matter presents an easy case for an attorneys-fees award. John knew everything there was to know about the lack of information he conveyed to the FBI and the fraudulent nature of his own contentions. Thus, John's

hiring of counsel and initiation of this lawsuit, knowing he had no factual or evidentiary support, is a direct violation of Rule 11. For that reason, John is liable for Hastert's attorney fees dating back to July 12, 2013, the filing date of this matter. Additionally, for the aforementioned reasons, John's counsel is jointly and severally liable, along with John, for Hastert's reasonable attorney fees beginning March 10, 2016, and continuing until the date of this Order.

## CONCLUSION

For the aforementioned reasons, the Court grants Hastert's motion. We Order John to pay Hastert's reasonable attorney fees dating back to July 12, 2013. Furthermore, John's counsel is jointly and severally liable, along with John, for Hastert's reasonable attorney fees beginning March 10, 2016, and continuing until the date of this Order. Hastert shall file a fee petition within three weeks of the date of this Order.

_____

Dated: 10/19/2017

Charles P. Kocoras
United States District Judge