UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. J. DAVID JOHN,<br><br>                      Plaintiff,<br><br>    vs.<br><br>J. DENNIS HASTERT,<br><br>                      Defendant. | Case No. 13-cv-5014<br><br>Judge Kocoras<br>Magistrate Judge Rowland |

## HASTERT'S PETITION FOR ATTORNEYS FEES FOLLOWING COURT'S GRANTING OF HIS MOTION FOR FEES AND SANCTIONS

Justin A. Chiarodo
Blank Rome LLP
1825 Eye Street, NW
Washington, DC 20006-5403
202-420-2200
Facsimile: 202-420-2201
jchiarodo@blankrome.com

Christian M. Poland
Bryan Cave LLP
161 N. Clark St., Suite 4300
Chicago, Illinois 60601
312-602-5000
Facsimile: 312-602-5050
christian.poland@bryancave.com

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT .......................................................................................................................1

    A. Summary of the Legal Claims Asserted and the Legal Counsel Involved in Hastert's Defense ....................................................................................................1

    B. The Legal Standard for Awarding Fees .................................................................2

    C. This Court Should Award Hastert Attorneys Fees of $584,309 .............................3

        1. Hastert's Lawyers Spent Approximately 994 Hours Defending This Matter ..........................................................................................................3

        2. Hastert's Lawyers' Billing Rates Range from $515 to $700, Which Are Reasonable, Market Rates for the Work Performed .............................5

        3. The Fees Should Be Awarded at Counsel's Current Billing Rates to Account for the Delay in Receiving Reimbursement .................................7

        4. Broken Down by Relevant Time Period (Pre- and Post-March 10, 2016), the Fees Are $327,494 and $256,814 Respectively..........................8

    D. This Court Must Also Award the Attorneys Fees Hastert Incurred Briefing This Petition for Fees ...............................................................................................9

    E. Hastert Requests Clarification of the Court's Order Awarding Fees in Two Respects ................................................................................................................10

III. CONCLUSION..................................................................................................................11

I.      INTRODUCTION

Defendant, J. Dennis Hastert ("Hastert"), files this petition (the "Petition") for attorneys fees following the Court's October 19 order granting Hastert's motion for attorneys fees and sanctions, in which the Court "[o]rder[ed] [J. David] John to pay Hastert's reasonable attorney fees dating back to July 12, 2013" and ordered that "John's counsel is jointly and severally liable, along with John, for Hastert's reasonable attorney fees beginning March 10, 2016, and continuing until the date of this Order."  (Dkt. 122 at 10.)

II.     ARGUMENT

   A.   *Summary of the Legal Claims Asserted and the Legal Counsel Involved in Hastert's Defense*

Beginning with his original Complaint and continuing through his (final) Second Amended Complaint, Relator, J. David John ("John"), asserted against Hastert several claims under the False Claims Act ("FCA"), which John contended would permit recovery of damages of $10,000,000.  (*See, e.g.*, Dkt. 120 [John's Resp. to Mot. for Fees] at 17 & Ex. 20.)  John calculated these damages to include actual damages of over $1,700,000, trebled under the FCA to $5,100,000; penalties of $11,000 for each of 454 "fraudulent" invoices, totaling $4,994,000; and an award of all of his attorneys fees under 31 U.S.C. § 3730(d)(2) if he prevailed.  In light of the high-exposure claims asserted, it was necessary for Hastert to mount a vigorous defense though a team of high quality lawyers, including counsel with experience defending FCA claims. Skilled counsel was also warranted due to Hastert's public profile and the level of publicity that litigation against him receives.

In June 2014, Hastert selected as his lead attorney Justin Chiarodo ("Chiarodo"), a litigation partner in the government contracts practice at Dickstein Shapiro LLP and with a strong background in defending FCA claims nationwide.  (Hastert was at the time a lobbyist with

1

10789175.3

Dickstein Shapiro LLP, and was familiar with Chiarodo's excellent reputation and expertise in FCA matters.) As Chiarodo's co-counsel (and local counsel), Hastert initially selected his son, Ethan Hastert, whose fees Hastert is not seeking in this petition. Hastert was successful in obtaining dismissal of both John's original and first amended complaints. Concurrent with John's seeking leave to file a second amended complaint, Hastert replaced his local counsel. Thus, in August 2015, Hastert selected Christian Poland ("Poland"), a seasoned litigator with a high-quality firm (Bryan Cave LLP), to serve as co-counsel (and local counsel). In addition to his 25 years of litigation experience, Poland had the unique advantage of having four years of experience defending against John's wide-ranging claims against Wheaton College and four other defendants in a case pending in DuPage County Circuit Court (No. 11 L 995), in which John alleged, among other things, that Wheaton College tortiously interfered with his business relationship with Hastert. (The DuPage court dismissed John's tortious interference claim and the dismissal was affirmed on appeal. *See John v. Wheaton College*, 2014 IL App (2d) 130524-U.)

In February 2016, Chiarodo joined Blank Rome LLP as part of a larger acquisition of certain Dickstein Shapiro assets and attorneys, so the fees Hastert incurred were to Blank Rome from then forward. Throughout the course of the litigation, Chiarodo, as lead counsel, provided the additional attorney support needed through associates at Dickstein Shapiro and then Blank Rome.

    B.    *The Legal Standard for Awarding Fees*

The starting point (and, in many cases, ending point) for determining the attorneys fees to be awarded under a fee petition is to determine "the hours reasonably expended" and "a reasonable hourly rate." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012); *see also Sommerfield v. City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017) (same). The fees award may

10789175.3

properly take into account "'the amount involved and the results obtained,' as well as 'the experience, reputation, and ability of the attorneys.'" *Sommerfield*, 863 F.3d at 650 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)).

The primary and best measure of the market rate for work performed is what clients are willing to pay the attorney on an hourly basis. *See Barrow v. Falck*, 977 F.3d 1100, 1105 (7th Cir. 1992); *Johnson*, 668 F.3d at 933 (the "best evidence of an attorney's market rate is his or her actual billing rate for similar work"); *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (same).

  C. This Court Should Award Hastert Attorneys Fees of $584,309

    1. Hastert's Lawyers Spent 994 Hours Defending This Matter

Hastert seeks recovery of a total of 994 hours spent by his attorneys and paralegal in this case. The work performed in Hastert's defense occurred in the following primary stages of this case:

   1. Briefing Hastert's comprehensive motion to dismiss John's original Complaint
   2. Briefing Hastert's comprehensive motion to dismiss John's First Amended Complaint
   3. Briefing Hastert's opposition to John's motion for leave to reconsider the dismissal of his case and for leave to file a Second Amended Complaint
   4. Drafting, reviewing responses to, and negotiating supplementation of, written discovery requests to John and third-parties related to the jurisdictional issues of whether John was the "original source"
   5. Deposing John and attempting to obtain the deposition of FBI Agent Soika related to the jurisdictional issues of whether John was the "original source"
   6. Motion practice as to written and oral discovery issues
   7. Briefing Hastert's comprehensive motion to dismiss John's Second Amended Complaint for lack of jurisdiction
   8. Preparation for and attendance at evidentiary hearing on the jurisdictional issue of John's status as the "original source"
   9. Communications with John's counsel regarding the lack of merit to John's claims and Hastert's multiple requests that John and his counsel dismiss the asserted claims
   10. Briefing of Hastert's comprehensive motion for fees and sanctions

3

    11. Matters relating to John's attempted appeal of this Court's April 6, 2017 judgment, including briefing of Hastert's motion to dismiss appeal for lack of appellate jurisdiction

    12. Briefing of Hastert's petition for fees following the Court's granting of his motion for fees and sanctions on October 19

The tasks performed and the hours worked by Hastert's counsel are described in the attached declarations of Chiarodo (Ex. A) and Poland (Ex. B), and are detailed in the time entry reports, billing invoices, and spreadsheets attached to their declarations (*see* Ex. A-1, A-2, A-4, B-1, B-2, and B-4). Specifically, the hours worked by attorney are as follows:

| Attorney | Years of Experience | Billing Rate | Hours Worked |
|---|---|---|---|
| Christian Poland | 25 years | $610 | 303.0 |
| Joseph Berger | 15 years | $625 | 82.7 |
| Justin Chiarodo | 14 years | $700 | 235.3 |
| Andrew Smith | 9 years | $515 | 202.4 |
| Lyndsay Gorton | 6 years | $545 | 55.4 |
| Tessa Harvey | 3 years | $540 | 69.0 |

Both Chiarodo and Poland attest to the accuracy of the provided documentation and that the time expended was reasonably incurred in defending John's claims against Hastert, especially in light of the *$10,000,000* in damages being sought by John and the nature of the issues in the case. (*See* Ex. A [Chiarodo Decl.] ¶¶ 5-10; Ex. B [Poland Decl.] ¶¶ 6-8.) For example, "It is not unreasonable to expend substantial amounts of time and resources to prepare and draft a motion to dismiss, which, if successful, would halt the litigation before extensive discovery took place." *Stalley ex rel. U.S. v. Mountain States Health Alliance*, 644 F.3d 349, 352 (6th Cir. 2011) (internal brackets and quotation marks omitted) (upholding $276,000 award of attorneys fees to successful defendants in Medicare fraud cases that were dismissed on motions to dismiss). Additionally, Hastert's fees were increased because of John's regular opposition to Hastert's requests and motions, so the fees incurred are largely attributable to John's own conduct in litigation—apart from the fact that he and his counsel asserted false and meritless

4

claims against Hastert from the outset. This too justifies a full award of fees to Hastert.

As discussed in the attached Declarations of Chiarodo and Poland, and as reflected on the time reports and invoices provided, Hastert has decided *not* to seek reimbursement for numerous tasks and time worked, in order to ensure that his fees request is reasonable. In total, he has not sought reimbursement for a total of roughly 147 hours of work, for a total of approximately $93,000 in fees *not* sought. (*See* Ex. A [Chiarodo Decl.] ¶ 7; Ex. B [Poland Decl.] ¶ 6.) Further demonstrating the reasonableness of the fees he is seeking, Hastert is not seeking recovery of the fees of local counsel prior to Poland entering the case.

Thus, Hastert requests that this Court find that the hours worked by the six lawyers listed above were reasonably expended on this matter.[1]

### 2. Hastert's Lawyers' Billing Rates Range from $515 to $700, Which Are Reasonable, Market Rates for the Work Performed

As discussed above, the primary and best measure of the market rate for work performed is the rate clients will regularly pay the attorney on an hourly basis. *See Barrow*, 977 F.3d at 1105; *Johnson*, 668 F.3d at 933; *Cintas*, 517 F.3d at 469. Because all of the lawyers employed by Hastert regularly charge for, and are paid for, their work based on an hourly billing rate (as opposed to working on a contingency fee or fixed fee) and at the rates identified (*see* Ex. A [Chiarodo Decl.] ¶¶ 4-7, 11, 20; Ex. B [Poland Decl.] ¶¶ 12-13, 17), the rates listed for the working attorneys are reasonable, market rates. The Court needs nothing more to approve the

---

[1] To the extent that John or his counsel decide to dispute the hours spent by Hastert's counsel on this matter, Hastert requests that John and his counsel voluntarily supply (and if not voluntarily provided, be ordered to supply) all counsel's billing records for the hours worked, worked performed, and billing rates reflected. Hastert's request is fully consistent with N.D. Ill. Local Rule 54.3, which requires a party opposing an attorneys fees petition to disclose his own counsel's "fees billed . . . and the hourly rates charged . . . in order to prevent 'hypocritical objections.'" *Board of Trustees of the Health and Welfare Dep't of the Constr. and Gen. Laborers' Dist. Council v. Allison Enterp., Inc.*, No. 12C4097, 2016 WL 4397972 (N.D. Ill. Aug. 18, 2016) (Kocoras, J.) (quoting *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006)).

5

rates charged.

The rates charged by Hastert's counsel are also shown to be reasonable by other measures. First, both Chiarodo and Poland have personal knowledge of the billing rates charged for similar work by similar quality lawyers and have attested that the rates charged are reasonable, market rates. (*See* Ex. A [Chiarodo Decl.] ¶¶ 20-23; Ex. B [Poland Decl.] ¶¶ 18-19.) Second, Poland has supplied billing-rate data from a comprehensive billing rates survey conducted by a "Big Four" accounting/consulting firm, which provides the median and first quintile billing rates in Chicago at law firms of a size similar to those representing Hastert (i.e., Bryan Cave, Dickstein Shapiro, and Blank Rome). (Ex. B [Poland Decl.] ¶ 19.) That data shows that the rates charged by Hastert's counsel are in many cases below the median, and, with one exception, all below the first quintile of market rates in Chicago for similar work by similarly experienced attorneys:

| Attorney | Years of Experience | Billing Rates for Hastert's Counsel | Chicago Am Law 100 Median Rate | Chicago Am Law 100 First Quintile Rate |
|---|---|---|---|---|
| Christian Poland | 25 years | $610 | $771 | $874 |
| Joseph Berger | 15 years | $625 | $654 | $805 |
| Justin Chiarodo | 14 years | $700 | $654 | $805 |
| Andrew Smith | 9 years | $515 | $515 | $662 |
| Lyndsay Gorton | 6 years | $545 | $565 | $675 |
| Tessa Harvey | 3 years | $540 | $435 | $537 |

(Ex. B [Poland Decl.] ¶ 19 & Ex. B-3 [median and first quintile rates of Chicago offices of Am Law 100 firms participating in the survey].) Finally, the billing rate charged to Hastert by Poland was a 5% discount off Poland's standard billing rate, bringing Poland's billing rate well below reasonable, market rates. (Ex. B [Poland Decl.] ¶ 13.)

Thus, Hastert request that this Court find that the billing rates identified for the six lawyers listed above are reasonable and appropriate rates for the work performed and the fees to

6

be awarded.[2]

### 3. The Fees Should Be Awarded at Counsel's Current Billing Rates to Account for the Delay in Receiving Reimbursement

When awarding fees that were incurred throughout the litigation of a case but are not recovered until the end, a court must take into account the time value of money.

> To account for the delay [in payment of attorneys fees incurred], a district court has the discretion to choose one of two methods to calculate the fee award. [*Smith v. Village of Maywood*, 17 F.3d 219, 221 (7th Cir. 1994).] It may calculate the fee award for services rendered in prior years using the attorney's current hourly billing rate. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 744–45 (7th Cir. 2003). Or it may also calculate the fee award using the hourly rate the lawyer charged at the time the lawyer performed the services for the client (the "historical rate") and add interest to that amount. *See id.*

*Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 647 (7th Cir. 2016); *see also Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989) (adjustment for fees recovered at end of litigation is necessary; approving "an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise"); *Smith v. Village of Maywood*, 17 F.3d 219, 221 (7th Cir. 1994) (district court erred in failing to adjust award for delay in recovery, and upon remand could either award fees at current rates, or at historical rates with interest).

Hastert seeks recovery of attorneys fees at the attorneys' current hourly rates to account for the delay in recovery and the time value of money. The rates listed above for Hastert's counsel are their 2017 rates or, in the case of attorneys who are no longer practicing at Dickstein Shapiro / Blank Rome, are their rates for the last year in which they performed work (i.e., 2015 for Joseph Berger, 2014 for Andrew Smith, and 2015 for Tessa Harvey). Hastert is willing to accept reimbursement at the last rate worked for Berger, Smith, and Harvey, assuming the Court

---

[2] To the extent that John or his counsel decides to dispute the Hastert's counsel's billing rates, Hastert requests that John and his counsel voluntarily supply (and if not voluntarily provided, be ordered to supply) the billing records reflected in footnote 1 for the reasons stated therein.

7

awards fees at the other attorneys' current rates.  Thus, Hastert requests an award of fees as follows:

| Attorney | Billing Rate | Hours | Total Fees |
| --- | --- | --- | --- |
| Christian Poland | $610 | 303.0 | $184,830 |
| Joseph Berger | $625 | 82.7 | $51,687 |
| Justin Chiarodo | $700 | 235.3 | $164,710 |
| Andrew Smith | $515 | 202.4 | $104,236 |
| Lyndsay Gorton | $545 | 55.4 | $30,193 |
| Tessa Harvey | $540 | 69.0 | $37,260 |

A total fee award of $584,309 should be viewed as quite reasonable by John when considering it was expended to avoid what John claimed to be a potential liability of over $10,000,000; Hastert incurred fees of less than 6% of the exposure John claimed he had and fully avoided all liability.

> 4. *Broken Down by Relevant Time Period (Pre- and Post-March 10, 2016), the Fees Are $327,494 and $256,814 Respectively*

As the Court's October 19 order states, John's counsel are jointly and severally liable for the fees incurred by Hastert after March 10, 2016.  Poland has provided a spreadsheet that breaks down all fees by attorney, rate, and period worked.  (Ex. B [Poland Decl.] ¶ 20 & Ex. B-4.) Separated by time period, the fees incurred are as follows (using the current or last-worked billing rates, as discussed above):

*From Inception to March 9, 2016*

| Attorney | Billing Rate | Hours | Total Fees |
| --- | --- | --- | --- |
| Christian Poland | $610 | 74.8 | $45,628 |
| Joseph Berger | $625 | 82.7 | $51,687 |
| Justin Chiarodo | $700 | 121.3 | $84,910 |
| Andrew Smith | $515 | 202.4 | $104,236 |
| Lyndsay Gorton | $545 | -- | -- |
| Tessa Harvey | $540 | 69 | $37,260 |
| *Total from inception to 3/9/16* | | | *$327,494* |

*From March 10, 2016 to October 19, 2017*

| Attorney | Billing Rate | Hours | Total Fees |
| --- | --- | --- | --- |
| Christian Poland | $610 | 182.3 | $111,203 |
| Justin Chiarodo | $700 | 90.2 | $63,140 |
| Lyndsay Gorton | $545 | 55.4 | $30,193 |

8

*Total for 3/10/16 to 10/19/17*        $209,705

Therefore, Hastert requests that the Court order that (1) John is liable to Hastert for the amount of $327,494 for the time period up until March 9, 2016, (2) John and his counsel are jointly and severally liable for the amount of $209,705, for the period of March 10, 2016, to October 19, 2017, and (3) John and his counsel are jointly and severally liable for the amount of post-October 19, 2017 fees incurred on this Petition (as discussed next).

   D.  *This Court Must Also Award the Attorneys Fees Hastert Incurred Briefing This Petition for Fees*

In addition to the fees incurred through October 19, 2017, Hastert is entitled to recover his fees associated with this Petition (including any subsequent briefing or argument on the Petition). The right to such recovery is well settled. *See* Fed. R. Civ. P. 11(c)(2) ("the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion"); *Commissioner v. Jean*, 496 U.S. 154, 162-66 (1990) (moving party should also be awarded the attorneys fees incurred in preparing the petition for attorneys fees); *Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 364 (7th Cir. 2010) (fees for preparing and prosecuting sanctions motion are recoverable). An award of fees for having to file this Petition is especially appropriate given the multiple opportunities Hastert provided to John and his counsel to voluntarily dismiss their claims and avoid sanctions. (*See, e.g.*, Dkt. 112 [Mot. for Fees and Sanctions] at 3-5, 14 & Ex. B, D, F, G.)

Hastert's counsel and paralegal spent a total of 79.7 hours after October 19, 2017 preparing this Petition and on other work related to this matter, which totals $47,109. Thus, Hastert asks that the Court's award that amount, plus the fees incurred for any additional work that must be performed related to the Petition (including any reply brief filed in support of this Petition). Consistent with the Court's October 19 Order assessing fees after March 10, 2016,

9

10789175.3

against John and his counsel jointly and severally, Hastert's fees on this Petition should be awarded on a joint-and-several basis as well.

> E. **Hastert Requests Clarification of the Court's Order Awarding Fees in Two Respects**

Related to this Petition, Hastert requests clarification of two aspects of the Court's October 19 Order granting *Hastert's Motion for Attorneys Fees and Sanctions Pursuant to 31 U.S.C. § 3730(d)(4), Rule 11, 28 U.S.C. § 1927, and the Inherent Power of the Court* (the "Motion"). (Dkt 108, 112, 121.)

First, Hastert asks that the Court make clear that its award was based also on the inherent power of the Court. In addition to being brought under the FCA's fees provision (31 U.S.C. § 3730(d)(4)), Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927, Hastert's Motion was brought pursuant to the inherent power of this Court to manage the parties and attorneys who come before it (the "Inherent Power"). (*See* Dkt. 108 at 1-2; Dkt. 112 at 5-8, 12, 15, 18-20; Dkt. 121 at 1 n.1, 2 n.2, 3.) John's response to the Motion did not argue that sanctions could not be awarded under the Inherent Power. (*See* Dkt. 120.) Because the October 19 Order granted the Motion without rejecting any supporting legal basis offered by Hastert, Hastert believes that the Court found that the Inherent Power also served as a basis for its award. But because the October 19 Order only expressly references 31 U.S.C. § 3730(d)(4), Rule 11, and 28 U.S.C. § 1927 (*see* Dkt. 122 at 1, 4-5), Hastert asks that the Court clarify in its order on this Petition that its award was based on the Inherent Power as well, in order to avoid unnecessary disputes on appeal.

Second, Hastert asks that the Court clarify that its award of fees against John's counsel is against counsel *and their law firms*. Hastert's Motion expressly sought an award of fees against John's counsel and their law firms (*see* Dkt. 112 at 19-20; Dkt. 121 at 14), and assessing fees

10

against counsel and their firms is the presumption on sanctions motions. *See* Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."); *Claiborne v. Wisdom*, 414 F.3d 715, 722-24 (7th Cir. 2005). John's opposition brief did not argue that fees, if assessed, should not be awarded against his counsel's firms. (Dkt. 120.) Therefore, Hastert asks that the Court clarify that its order that "John's counsel is jointly and severally liable, along with John" for Hastert's fees since March 10, 2016, is an award jointly and severally against John, John J. Muldoon, Muldoon & Muldoon LLC, Michael K. Goldberg, and Goldberg Law Group LLC. This too will help avoid unnecessary disputes on appeal.

III. CONCLUSION

For the reasons stated above, Hastert asks that this Court award (1) against John individually, fees in the amount of $327,494, (2) jointly and severally against John, John J. Muldoon, Muldoon & Muldoon LLC, Michael K. Goldberg, and Goldberg Law Group LLC, the amount of $256,814 for fees incurred between March 10, 2016, and November 9, 2017, and (3) on a joint and several basis any fees incurred related to this Petition after November 9, 2017, including reviewing any opposition brief and drafting any reply brief.

Dated: November 9, 2017          Respectfully submitted,

                                             s/ Christian Poland
                                             Attorney for Defendant, J. Dennis Hastert

Justin A. Chiarodo
Blank Rome LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Email: jchiarodo@blankrome.com

Christian M. Poland

11

10789175.3

Bryan Cave LLP
161 N. Clark St., Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5000
Facsimile: (312)-602-5050
Email: christian.poland@bryancave.com

12

10789175.3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2017, I caused the foregoing to be electronically filed using the CM/ECF system, which will then send a notification of such filing to the following persons:

> Michael Kevin Goldberg
> Goldberg Law Group, LLC
> 120 S. Riverside Plaza, #1675
> Chicago, IL 60606-6101
> (312) 930-5600
> mgoldberg@goldberglawoffice.com
>
> John Joseph Muldoon, III
> Muldoon & Muldoon, PC
> 10 S. LaSalle St., Suite 2900
> Chicago, IL 60603
> (312) 739-3550
> jjm@muldoonlaw.com

I also caused a copy of the same to be served via email on the following:

> Kurt N. Lindland
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, Illinois 60604
> (312) 353-4163
> kurt.lindland@usdoj.gov

/s/ Christian Poland

13

10789175.3